UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KRISTIE ALLEN,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 1:19-CV-00471-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is *pro se* Petitioner Kristie Allen's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. Civ. Dkt. 1. Allen alleges ineffective assistance of counsel on the grounds that (1) her counsel failed to argue against the weapon enhancement pursuant to U.S.S.G. § 2D1.1(b)(1), (2) her counsel failed to investigate or present mitigating evidence to the Court, and (3) her counsel failed to pursue a direct appeal of her sentence. The Court has determined that the evidence in the record is sufficient for a decision on this matter and an evidentiary hearing is not necessary. For the reasons explained below, the Court will deny the motion.

# BACKGROUND

**MEMORANDUM DECISION AND ORDER - 1**

Allen was charged in the Indictment with conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 (Count 1); and two counts of possession with intent to distribute methamphetamine, both in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2 (Counts 4 and 5). *Indictment*, Crim. Dkt. 21. Allen was charged with two co-defendants following a drug transaction involving undercover officers in January 2017. *Id.* On September 12, 2017, Allen pleaded guilty to Count 1 and, pursuant to the Plea Agreement, Counts 4 and 5 were dismissed. Crim. Dkt. 88 at 1.

As part of the Plea Agreement, Allen admitted to possession with the intent to distribute methamphetamine with co-defendants Nicholas Clapsaddle and Jose De Jesus Anguiano Figueroa, who had been charged with possessing numerous firearms in furtherance of drug trafficking. *See* Crim. Dkt. 88 at 2-3; *Indictment*, Crim. Dkt. 21. Allen agreed to be supplied with methamphetamine from Figueroa and to sell the methamphetamine to individuals, including Clapsaddle. Pursuant to a federal search warrant, law enforcement found several illegal substances, including methamphetamine, in Allen's residence. *See* Crim. Dkt. 88 at 3. After her arrest, Allen spoke with law enforcement and admitted to conspiring with Figueroa and Clapsaddle and travelling to California to pick up methamphetamine

MEMORANDUM DECISION AND ORDER - 2

with Figueroa for distribution in Idaho. *Id*.

Allen further waived her right to direct appeal or collaterally attack the sentence opposed. *See* Dkt. 88 at 11-12. Prior to her change of plea, the Government provided defense counsel with an affidavit in support of an application for a search warrant for Allen's residence. Civ. Dkt. 3 at 3. The affiant swore that on January 18, 2017, Allen was followed to Clapsaddle's residence while two undercover officers waited for Clapsaddle to receive methamphetamine from Allen. *Attachment A*, Civ. Dkt. 3 at 9-10. The undercover officers observed Clapsaddle take a shotgun and leave the residence to meet with Allen, who was in her vehicle. *Id*. at 10. Clapsaddle indicated to undercover officers that the shotgun was being sold to Allen for $750. *Id*. at 11. Allen then indicated to Clapsaddle that she did not want to travel with the shotgun in poor weather conditions in the event she was involved in an accident and found in possession of the shotgun. *Id*. A search warrant was served on Clapsaddle's residence and law enforcement seized a Mossberg, 500, 12-gauge shotgun. *See* Crim Dkt. 113 at 7.

The completed Presentencing Report stated that Allen returned a shotgun to Clapsaddle's residence, where it was found following the execution of the search warrant. Crim. Dkt. 113 at 6-7. Based on the possession of the shotgun, the Presentencing Report imposed a two-level enhancement. *Id*. at 9. Allen's counsel

filed several objections to the Presentencing Report, including a Motion for Downward Departure supported by, among other arguments, Allen's "extraordinary acceptance of responsibility." *See* Crim. Dkt. 105 at 3. Counsel also filed a comprehensive sentencing memorandum advocating for a downward variance based on Allen's acceptance of responsibility, 18 U.S.C. § 3553(a) factors, and lack of empirical data related to an increased base offense level. *See* Crim. Dkt. 150. He did not object to the weapons enhancement. On January 18, 2019, Allen was sentenced to 126 months imprisonment, below the sentencing guideline range.[1] Crim. Dkt. 154.

Allen timely filed the pending § 2255 motion alleging ineffective assistance on three grounds, of which will be discussed below.

## LEGAL STANDARD

1.     **28 U.S.C. § 2255**

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without

---

[1] Allen's guideline range was calculated at 292-365 months imprisonment. *See* Crim. Dkt. 114.

jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing § 2255 Proceedings provides that a federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." "Under this standard, a district court may summarily dismiss a § 2255 motion only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *United States v. Withers*, 638 F.3d 1055, 1062-63 (9th Cir. 2011) (citation omitted).

If the Court does not dismiss pursuant to Rule 4(b), the Court shall order the Government "to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

The Court may dismiss a § 2255 motion at other stages of the proceeding such as pursuant to a motion by respondent, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record. *See* Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254

**MEMORANDUM DECISION AND ORDER - 5**

Proceedings incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Governing Section 2255 Proceedings.

If the Court does not dismiss the proceeding, the Court then determines under Rule 8 whether an evidentiary hearing is required. The Court need not hold an evidentiary hearing if the issues can be conclusively decided on the basis of the evidence in the record. *See Frazier v. United States*, 18 F.3d 778, 781 (9th Cir. 1994). In determining whether a § 2255 motion requires a hearing, "[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *Withers*, 638 F.3d at 1062.

**2.      Ineffective Assistance of Counsel**

The well-established two-prong test for evaluating ineffective assistance of counsel claims is deficient performance and resulting prejudice. *See Strickland v. Washington*, 466 U.S. 668 (1984). Specifically, to prevail on an ineffective assistance of counsel claim, a defendant must show that counsel's performance "fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. at 688, 694. *See also Bell v. Cone*, 535 U.S. 685, 695 (2002).

The Court must apply a strong presumption that counsel's representation fell

within the "wide range" of reasonable professional assistance. *Harrington v. Richter*, 562 U.S. 86, 104 (2011). "The defendant bears the burden of overcoming the strong presumption that counsel performed adequately." *Cheney v. Washington*, 614 F.3d 987, 995 (9th Cir. 2010).

In evaluating an ineffective assistance of counsel claim, the Court may consider the performance and prejudice components of the Strickland test in either order. *See Strickland*, 466 U.S. at 697. Furthermore, the Court need not consider one component if there is an insufficient showing of the other. *Id.*

## ANALYSIS

Allen alleges ineffective assistance on three grounds. None have merit.

First, Allen alleges that counsel failed to object to the two-level weapon enhancement pursuant to U.S.S.G. § 2D1.1(b)(1). Allen contends that she never admitted to possessing the shotgun and, therefore, received an unfair sentence. However, the affidavit provided to counsel, along with the facts Allen admitted as true in the Plea Agreement, support the sentence enhancement. The undercover officer observed Clapsaddle take the shotgun to Allen's car where Allen indicated she wanted to purchase the shotgun for her brother. *Attachment A*, Civ. Dkt. 3. Allen also told Clapsaddle that she wished to leave the shotgun at his residence. *Id.* Under § 2D1.1(b)(1), an enhancement is appropriate if "a dangerous weapon

**MEMORANDUM DECISION AND ORDER - 7**

(including a firearm) was possessed." The Commentary to § 2D1.1(b)(1) advises the "enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1(b)(1) cmt. n.11. Although Allen does not admit to possession, she does not deny that she received and returned the shotgun from Clapsaddle. Nor does she deny her conduct associated with Clapsaddle, which was well within the scope of jointly undertaken criminal activity. Therefore, counsel's decision not to object to this sentencing enhancement and focus on other mitigating factors falls within the "wide range" of reasonable assistance. *Richter*, 562 U.S. at 104.

Moreover, if counsel did object to the weapon enhancement, he would have run the risk that Allen would not have received a sentence reduction for taking responsibility pursuant to U.S.S.G. § 3E1.1. "A defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." U.S.S.G. § 3E1.1 cmt. n.1(A). In that light, the Court cannot conclude that counsel's strategy fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688.

Next, Allen claims her counsel failed to investigate or present mitigating evidence proving she was not in possession of the shotgun to the Court. But "*Strickland* does not require counsel to investigate every conceivable line of

mitigating evidence no matter how unlikely the effort would be to assist the defendant at sentencing." *Wiggins v. Smith*, 539 U.S. 510, 533 (2003). Instead, counsel's decision whether to present particular mitigating evidence is assessed for reasonableness under the circumstances. *Id*. As explained above, by accepting responsibility, Allen received a downward adjustment in her sentence. Challenging the shotgun possession would have compromised counsel's efforts to obtain that reduction. Furthermore, counsel submitted a fourteen-page sentencing memorandum in which he advocated for a variance and downward departure based on mitigating evidence pertaining to Allen's history and characteristics, in addition to her acceptance of responsibility. *See* Crim. Dkt. 150.

Last, Allen argues that Counsel provided ineffective assistance in failing to pursue a direct appeal of the sentence imposed by her guilty plea. Importantly, an appeal based on the weapons sentencing enhancement would have breached the Plea Agreement, the validity of which Allen does not challenge.

Accordingly, the Court finds counsel to have exercised reasonable and professional judgment in all alleged respects. Because the Court does not find counsel's performance deficient, it need not determine prejudice. *Strickland*, 466 U.S. at 697. The Court finds that it plainly appears from the face of the § 2255 Motion, together with the Government's Response and record, that Allen's

**MEMORANDUM DECISION AND ORDER - 9**

allegations lack in merit and she is not entitled to relief.

## ORDER

NOW THERFORE IT IS HEREBY ORDERED THAT:

1) The Government's unopposed request for an extension to respond (Dkt. 3 at 4 n.1.) is **RETROACTIVELY GRANTED**.

2) The Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Dkt. 1) is **DISMISSED**.

DATED: January 19, 2021

B. Lynn Winmill
U.S. District Court Judge